IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Timothy Hall,<br><br>Plaintiff,<br><br>v.<br><br>United States of America, Warden M.V. Joseph,<br><br>Defendants. | C/A No.: 8:26-cv-00545-JD-WSB<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown (DE 8), recommending denial of Plaintiff Timothy Hall's motion to proceed in forma pauperis ("IFP Motion") (DE 2) and dismissal of his Complaint (DE 1) without service or leave to amend. Plaintiff submitted correspondence and objections (DE 11–13). For the reasons below, the Court ADOPTS IN PART, MODIFIES IN PART, AND DECLINES TO ADOPT IN PART the Report. The Court denies the IFP Motion and dismisses the constitutional damages theories but permits limited amendment concerning the separately invoked Federal Tort Claims Act ("FTCA") and requests for prospective relief.

## I. BACKGROUND

Plaintiff, a federal prisoner at FCI Bennettsville, sues the United States and Warden M.V. Joseph ("Joseph"). He alleges that recurring water intrusion and mold in the prison housing areas caused headaches, nosebleeds, congestion, fatigue, and other physical and emotional symptoms. He contends that he complained to prison

officials, sought medical care, and received inadequate treatment; he also alleges that Joseph knew of the conditions, failed to remedy them, and used the conditions to punish Plaintiff for grievances. (DE 1-1 at 2–5.) These are allegations, not findings about the condition of the institution, the causes of Plaintiff's symptoms, or the adequacy of any response.

Although Plaintiff selected Bivens on the standardized complaint form, his handwritten attachment expressly invokes the FTCA and names the United States. (DE 1 at 4; DE 1-1 at 1.) In addition to damages, he requests a declaration concerning the asserted constitutional violations and an injunction requiring Joseph to stop subjecting him to the challenged living conditions. (DE 1-1 at 5–6.)

The Report, issued February 11, 2026, recommends denying IFP status and dismissing the entire action. (DE 8.) The Report was mailed that day. (DE 9.) Plaintiff later filed correspondence (DE 11), objections (DE 12), and a letter about payment of fees (DE 13). His objections dispute the financial determination, the disposition of his Eighth Amendment claim, and the exhaustion recommendation.

## II. STANDARD OF REVIEW

A district judge must review de novo portions of a report to which timely and specific objections are made and may "accept, reject, or modify" the recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Absent a timely, specific objection, review is ordinarily for clear error. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Pro se objections are construed liberally and

"need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023).

Plaintiff's objections were untimely. Even so, the Court has considered their substance and independently reviewed the challenged portions of the Report. Under 28 U.S.C. § 1915A(a)–(b), the Court must screen a prisoner's action against governmental defendants irrespective of IFP status. Although pro se allegations receive liberal construction, the Complaint must contain factual matter stating a plausible claim. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

## III. DISCUSSION

### A. The IFP Motion

The Report cites Plaintiff's certified account records showing a balance of $1,361.71 as of January 6, 2026, and an average monthly balance of $1,423.79 during the preceding six months. (DE 8 at 6; see DE 2-1, 2-2.) Plaintiff's application reports $0 in cash, checking, or savings accounts, lists no dependents, and discloses his incarceration. (DE 2 at 1–2.) His objections explain that some funds came from a stimulus payment and family assistance and that his prison wages are modest. (DE 12 at 1.)

The Supreme Court has rejected the proposition that an IFP litigant must be "absolutely destitute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). Nonetheless, the Court retains discretion to determine whether payment would impose an undue hardship. *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364

(4th Cir. 1980). Even accepting Plaintiff's explanations about the source and use of the funds, the reported balances materially exceed the $405 filing fee. Plaintiff has not shown that prepayment would prevent him from obtaining the necessities of life.

The financial information supports denial of IFP status, but not an additional finding that Plaintiff deliberately concealed inmate-account funds. The form's question concerns cash, checking, and savings accounts, and Plaintiff disclosed his incarceration and supplied institutional financial information. The Court makes no finding that the allegation of poverty was untrue for purposes of 28 U.S.C. § 1915(e)(2)(A). The IFP Motion (DE 2) is DENIED, and the Court ADOPTS this recommendation of the Report.

**B. Constitutional Damages Claims**

The Supreme Court has recognized implied constitutional damages claims in three contexts: a Fourth Amendment search-and-seizure claim, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971); Fifth Amendment sex discrimination, *Davis v. Passman*, 442 U.S. 228, 248–49 (1979); and an Eighth Amendment medical-care claim, *Carlson v. Green*, 446 U.S. 14, 16–23 (1980). Beyond those contexts, "recognizing a cause of action under Bivens is a disfavored judicial activity." *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (internal quotation marks omitted). A materially new context calls for consideration of whether Congress is better positioned to authorize damages. *Id.* at 492–93.

**1. Conditions of confinement**

Plaintiff challenges recurring leaks, mold, and asserted failures of institutional remediation. (DE 1-1 at 2–5.) These allegations could implicate the substantive Eighth Amendment duty to maintain humane conditions. *See Helling v. McKinney*, 509 U.S. 25, 33–35 (1993). But the substantive right and the availability of an implied damages remedy are distinct questions.

*Tate v. Harmon*, 54 F.4th 839, 843–47 (4th Cir. 2022), declined to extend *Bivens* to conditions-of-confinement allegations involving, among other things, a mold-covered cell. The Fourth Circuit contrasted the "broad-based, systemic claim" there with the narrower treatment claim in *Carlson*. *Id.* at 846–47. Plaintiff's allegations likewise concern institutional housing conditions and the Warden's response to them. Even accepting their asserted severity, recognizing a *Bivens* remedy here would require the extension *Tate* rejected. The conditions-of-confinement damages theory is, therefore, unavailable. This determination is not a finding that the alleged conditions were constitutionally adequate.

**2. Medical care**

To state a constitutional claim concerning medical care, Plaintiff must plausibly allege a serious medical need and an official's subjective disregard of a known substantial risk. *See Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994). Liability under *Bivens* must rest on each defendant's "own individual actions," not supervisory status alone. *Iqbal*, 556 U.S. at 676–77.

Plaintiff alleges that medical personnel provided inadequate care for symptoms he attributes to mold. But he does not identify Joseph as having personally directed medical treatment, knowingly overridden medical instructions, or withheld particular necessary care. (DE 1-1 at 2, 4–5.) His theory against Joseph instead principally concerns knowledge of institutional conditions and responsibility for their correction. Moreover, claims about prison medical care do not automatically fit *Carlson*: the Fourth Circuit requires comparison with *Carlson* in its "precise context." *Spivey v. Breckon*, 173 F.4th 174, 179–81 (4th Cir. 2026). Plaintiff has not pleaded a cognizable personal-capacity *Bivens* medical-treatment claim against Joseph on these allegations. This ruling does not resolve whether relief is available for ongoing conditions.

**3. Retaliation and defendants**

Plaintiff alleges that Joseph tolerated the conditions to punish him for filing grievances. (DE 1-1 at 4–5.) To the extent this asserts First Amendment retaliation, *Egbert* forecloses an implied *Bivens* damages remedy. 596 U.S. at 498–99; *see also Earle v. Shreves*, 990 F.3d 774, 781 (4th Cir. 2021).

Nor may Plaintiff recover *Bivens* damages against the United States or Joseph in his official capacity. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994). Accordingly, the Court DISMISSES the *Bivens* damages theories under § 1915A(b)(1). Because further allegations about the severity of systemic conditions or the grievance-related motive would not create an available *Bivens* remedy, the Court dismisses those theories WITH PREJUDICE as implied constitutional damages causes of action. This

dismissal does not adjudicate any distinct statutory tort claim or request for prospective relief.

**C. The FTCA Theory**

The Report does not separately address Plaintiff's express invocation of the FTCA. (DE 1-1 at 1.) The FTCA waives sovereign immunity in specified circumstances for torts by federal employees for which a private person would be liable under applicable state law. 28 U.S.C. § 1346(b)(1); *see also United States v. Olson*, 546 U.S. 43, 44–46 (2005). It does not provide damages merely because federal employees allegedly violated the Constitution. *See Meyer*, 510 U.S. at 477–78. Punitive damages against the United States are not recoverable under the FTCA. 28 U.S.C. § 2674.

Under § 2675(a), an FTCA action "shall not be instituted" before the claimant presents the claim to the appropriate agency and receives a final denial or six months pass without disposition. The statutory presentment requirement is jurisdictional in this Circuit. *Estate of Van Emburgh v. United States*, 95 F.4th 795, 800–02 (4th Cir. 2024). A premature FTCA action cannot be cured merely by exhaustion obtained while that same action remains pending. *See McNeil v. United States*, 508 U.S. 106, 111–13 (1993).

Plaintiff describes BOP grievances concerning housing conditions, but the existing pleadings do not establish whether he separately presented an administrative tort claim before this action began, including its date, subject, and sum certain. The Court cannot infer satisfaction or noncompliance solely from silence

about those details. Nor does the pleading clearly identify the relevant South Carolina tort theory. Because the FTCA is expressly invoked and the Report does not analyze it, the Court will afford Plaintiff a limited opportunity to identify the tort claim, if any, and the facts bearing on § 2675(a) as of the date this action was instituted. No post-filing exhaustion in this same action will cure a claim instituted prematurely. *See McNeil*, 508 U.S. at 111–13. The Court does not presently decide FTCA jurisdiction, a state-law tort theory, or any statutory exception.

**D. Declaratory and Prospective Injunctive Relief**

Plaintiff seeks an injunction directing Joseph to end the challenged conditions and a declaration of constitutional violations. (DE 1-1 at 5–6.) The absence of *Bivens* damages does not by itself resolve a properly pleaded claim for prospective relief from unconstitutional action by federal officials. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 74 (2001). *Strickland v. United States*, 32 F.4th 311, 363–65 (4th Cir. 2022), recognizes that claims alleging unconstitutional official action and seeking appropriate equitable relief can lie within the "heartland of nonstatutory review" in federal court. *See also* 5 U.S.C. § 702 (waiver of sovereign immunity for qualifying nonmonetary claims against agencies and officials). Neither § 702 nor the Declaratory Judgment Act, 28 U.S.C. § 2201, independently proves a constitutional violation or guarantees relief.

A conditions-of-confinement claim requires an objectively serious deprivation or risk and a culpable response by responsible officials. *See Farmer*, 511 U.S. at 834, 837; *Porter v. Clarke*, 923 F.3d 348, 355–56, 361–64 (4th Cir. 2019). Plaintiff describes

recurring water intrusion, mold, and ongoing symptoms, along with complaints to prison personnel and Joseph's asserted failure to act. (DE 1-1 at 2–5.) These allegations warrant distinct consideration rather than automatic dismissal under *Tate*, which addressed *Bivens* damages. But the pleading does not clearly distinguish a declaration about past conduct from relief addressing an ongoing violation, or specify the conduct Plaintiff asks Joseph to undertake prospectively.

The Court will allow Plaintiff to clarify his asserted ongoing risk, the facts supporting Joseph's responsibility and ability to respond in his official capacity, and the precise prospective relief requested. The Court makes no finding at this stage that a continuing violation exists or that equitable relief is warranted. Any eventual injunction remains subject to the applicable constitutional and remedial limitations, including 18 U.S.C. § 3626(a)(1)(A).

**E. PLRA Exhaustion**

The Report alternatively recommends dismissal for failure to complete the BOP grievance process. (DE 8 at 13–14.) The Prison Litigation Reform Act requires exhaustion only of remedies that are "available." 42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 642–44 (2016). Nonexhaustion is an affirmative defense that a prisoner need not plead around. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Sua sponte dismissal on that ground is generally inappropriate where the failure does not appear conclusively from the face of the complaint. *See Custis v. Davis*, 851 F.3d 358, 361–63 (4th Cir. 2017).

The regulations allow a prisoner to treat an untimely response as a denial and pursue the next step. *See* 28 C.F.R. § 542.18. An unanswered grievance, therefore, does not automatically excuse further efforts. But Plaintiff alleges that personnel ignored or frustrated his submissions and that he could not complete the process. (DE 1 at 8–9; DE 1-1 at 4–5; DE 12 at 2–3.) Whether those assertions establish unavailability cannot be decided conclusively against him on this screening record. The Court DECLINES TO ADOPT the Report's alternative PLRA-exhaustion rationale. This is not a finding that Plaintiff exhausted, or was excused from exhausting, any remedy; FTCA presentment remains a separate jurisdictional question.

**F. Amendment and Remaining Filings**

The *Bivens* damages theories are legally unavailable for the reasons stated. The separately invoked FTCA theory and requests for prospective relief, however, were not independently addressed by the Report. Plaintiff, therefore, may submit a single amended complaint, complete in itself, limited to those remaining matters. It must identify the requested relief, relevant conduct, the Defendant against whom each claim is asserted, and for any FTCA claim, the facts concerning administrative presentment before suit. The opportunity to amend is not authorization to plead new occurrences unrelated to this action or revive the dismissed Bivens theories.

Plaintiff's additional letters (DE 11, 13) do not alter the disposition, but his request for case-status information is addressed by directing the Clerk to mail him this Order and a current docket sheet.

## IV. CONCLUSION

For the foregoing reasons, the Court ADOPTS IN PART, MODIFIES IN PART, AND DECLINES TO ADOPT IN PART the Report and Recommendation (DE 8). The IFP Motion (DE 2) is DENIED. Plaintiff's *Bivens* constitutional damages claims are DISMISSED WITH PREJUDICE as damages causes of action under 28 U.S.C. § 1915A(b)(1). The Court DECLINES TO ADOPT the Report's alternative PLRA-exhaustion rationale and does not now dismiss the separately invoked FTCA or prospective equitable-relief theories.

Plaintiff is DIRECTED, within thirty (30) days after entry of this Order, to pay the $405 filing fee, less any prior payment credited in this action, and file a complete amended complaint limited to any FTCA and prospective equitable-relief claims, consistent with this Order. Failure to comply may result in dismissal of any remaining claims without prejudice after further order of the Court. No service shall issue at this time.

The Clerk is DIRECTED to mail Plaintiff this Order, a current docket sheet, and an appropriate blank civil complaint form at his address of record. After the deadline expires or Plaintiff complies, the action shall be returned to the Magistrate Judge for further proceedings. Because claims remain pending, no final judgment shall issue now.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 2, 2026